J-S08012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BONNIE J. RAPP F/K/A/ BONNIE J. SCHMADER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| PENN NATIONAL MUTUAL CASUALTY INSURANCE COMPANY | |
| APPEAL OF: BONNIE J. RAPP | |
| | No. 995 WDA 2015 |

Appeal from the Order Entered May 27, 2015
In the Court of Common Pleas of Clarion County
Civil Division at No: 1061 CD 2004

BEFORE: STABILE, DUBOW, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 13, 2016**

Appellant, Bonnie J. Rapp, appeals from the May 27, 2015 order granting the summary judgment motion of Penn National Mutual Casualty Insurance Company ("Penn"). We affirm.

The record reveals that Appellant sustained serious injuries in a September 1, 2000 motorcycle accident. Phillip Rapp, then Appellant's boyfriend and currently her husband, was driving the motorcycle, and Appellant was a passenger. Appellant sought to recover damages through the other driver's insurance policy, but he had only $25,000.00 in liability coverage. Appellant therefore filed an underinsured motorist ("UIM") claim with Penn ("the Penn Policy"), which insured Russell Schmader

("Schmader"), Appellant's husband at the time of the accident. Schmader was the only named insured on the Penn Policy. The Penn Policy also provides coverage to the named insured's spouse if the spouse is a resident of the named insured's household:

A. Throughout this policy, "you" and "your" refer to:

1. The "named insured" shown in the Declarations; and

2. The spouse if a resident of the same household.

If the spouse ceases to be a resident of the same household during the policy period or prior to the inception of this policy, the spouse will be considered "you" and "your" under this policy but only until the earlier of:

1. The end of 90 days following the spouse's change of residency;

2. The effective date of another policy listing the spouse as a named insured; or

3. The end of the policy period.

Penn Policy, Definitions, ¶ A.

Appellant was listed as an insured driver on the Penn Policy because she was Schmader's wife and resided with him when Penn issued the policy. As of the accident date, Appellant and Schmader still jointly owned their marital home but Appellant had not been living there for more than a year. Trial Court Opinion, 5/27/15, at 7. In addition, Appellant procured a new automobile insurance policy on which she was the named insured. *Id.* at 3. For these reasons, Penn denied coverage under the Penn Policy.

On August 30, 2004, Appellant filed a praecipe for writ of summons. After a substantial and unexplained delay, during which Appellant filed several statements of intention to proceed, Appellant filed a declaratory judgment complaint on August 4, 2014. Penn filed an answer and new matter on September 23, 2014, alleging Appellant failed to state a claim upon which relief can be granted. Appellant answered Penn's new matter on November 3, 2014. Penn filed a motion for summary judgment and brief in support on April 2, 2015. Appellant responded on April 27, 2015. On May 27, 2015, the trial court entered an order granting Penn's motion for summary judgment. This timely appeal followed.

Appellant frames the issue as follows: "Whether an insurance policy's failure to designate a 'named insured' as required by its own definitions, renders the term 'you' in the policy ambiguous, thereby precluding entry of summary judgment?" Appellant's Brief at 4.

Rule 1035.2 of the Rules of Civil Procedure governs entry of summary judgment. Summary judgment is appropriate "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense [. . .]." Pa.R.C.P. No. 1035.2(1). The following standard governs our review:

> As has been oft declared by this Court, summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences

therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt.

On appellate review, then, an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo.* This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

**Summers v. Certainteed Corp.**, 997 A.2d 1152, 1159 (Pa. 2010) (internal citations and quotation marks omitted).

"The interpretation of an insurance policy is a question of law that we will review *de novo.*" **Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.**, 908 A.2d 888, 897 (Pa. 2006).

Our primary goal in interpreting a policy, as with interpreting any contract, is to ascertain the parties' intentions as manifested by the policy's terms. When the language of the policy is clear and unambiguous, [we must] give effect to that language. Alternatively, when a provision in the policy is ambiguous, the policy is to be construed in favor of the insured to further the contract's prime purpose of indemnification and against the insurer, as the insurer drafts the policy, and controls coverage.

*Id.* (internal citations and quotation marks omitted).

Appellant argues the Penn Policy is ambiguous because of a box on the declarations page titled "insured." The box titled "insured" names Schmader. According to Appellant's argument, the box should have been

titled "named insured" rather than "insured." Penn's failure to title the box "named insured" renders the definition of "you" and "your" ambiguous, according to Appellant, because that definition refers to "named insured" rather than "insured." Appellant believes we must construe this ambiguity against Penn, as the drafter of the policy, and include Appellant within the definition of "you" and "your" because she was named elsewhere on the declarations page as an additional insured driver. Appellant believes she is entitled to UIM coverage under the Penn Policy because she meets its definition of "you" and "your."

First, we observe Appellant has not challenged the trial court's finding that she was no longer residing with Schmader on the date of the accident. Trial Court Opinion, 5/27/15, at 6-8. Appellant also admitted that she had procured a new automobile policy on which she was the named insured. *Id.* at 3. These facts are fatal to her argument that she falls within the Penn Policy's definition of "you" and "your."

In any event, Appellant's assertion of an ambiguity in the Penn Policy is plainly wrong. The Penn Policy's definition of "you" and "your" refers to a "**named insured**" on the declarations page. Penn Policy, Definitions, ¶ A (emphasis added). The declarations page contains Schmader's **name** in several boxes titled "**insured**." Penn Policy, Declarations (emphasis added). Therefore, the declarations page unambiguously identifies Schmader as the named insured, and Schmader unambiguously is the "named insured"

described in the definition of "you" and "your." Pursuant to **Kvaerner**, we must give effect to the Penn Policy's clear terms.

We discern no error in the trial court's decision.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2016